IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATASHA BUIE,

           Petitioner,

vs.                                    Case No. 21-3025-SAC

KANSAS DEPARTMENT OF CORRECTIONS
and GLORIA GEITHER, Warden of
Topeka Correctional Facility,

           Respondents.

**O R D E R**

This is an action filed by an inmate in Kansas at the Topeka Correctional Facility (TCF). The action was originally filed in the Eastern District of Virginia and has been transferred to this court.

The operative complaint (Doc. No. 16) asks for "compassionate release" from confinement because of the COVID-19 pandemic, increased risks caused by confinement, and the alleged inadequate precautions taken at TCF. It appears that plaintiff is 33 years old and has no underlying physical conditions which would increase her health risk if she contracted the virus. Doc. No. 5. The complaint does not state whether plaintiff is proceeding under a civil rights statute, such as 42 U.S.C. § 1983, or a habeas statute, such as 28 U.S.C. § 2241.

In general, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement

1

and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Prieser v. Rodriguez, 411 U.S. 475, 488-490 (1973)).  This court recently directed that an inmate pursuing release from confinement for pandemic reasons, must file a petition for writ of habeas corpus or seek relief in the underlying criminal case.[1] York v. Kansas, 2020 WL 6318694 *3 (D.Kan. 10/28/2020); see also Teague v. Crow, 2020 WL 4210513 *1 n.3 (W.D.Okla. 6/24/2020)(treating action requesting immediate release as a habeas action under § 2241); Kemp v. Logan County Sheriff's Dept., 2020 WL 2374242 *2 (W.D.Okla. 4/10/2020)(same).

In accord with this authority, the court shall treat this action as seeking habeas relief under § 2241.  Before a federal court may grant relief under § 2241, however, a habeas petitioner is required to exhaust state court and state administrative remedies.  Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002). To exhaust state court remedies, a petitioner "must have first fairly presented the substance of his federal habeas claim to state courts."  Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002). Generally, this requires presentation to the highest state court. See Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999). The exhaustion requirement does not apply if a petitioner can show

---

[1] In an analogous situation, the Tenth Circuit and the Judge Lungstrum of this district have indicated that federal detainees seeking release on pandemic grounds should file habeas proceedings. Medina v. Williams, 823 Fed.Appx. 674 (10th Cir. 2020)(citing Wilson v. Williams, 961 F.3d 829, 837-38 (6th Cir. 2020)); Recarte Cruz v. Guadian, 2020 WL 7024298 *6 (D.Kan. 11/30/2020).

2

that exhaustion is futile.  Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010).  The petitioner has the burden to show she had exhausted available state remedies.  Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992).  Here, the court has seen no indication that petitioner has presented her claim to any state court.

Therefore, the court rules as follows.  Ms. Buie's complaint shall be construed as a § 2241 habeas corpus petition.  The petition appears subject to dismissal for failure to exhaust state court remedies.  Ms. Buie is hereby given time until March 30, 2021 to show cause why her complaint should not be construed as a habeas corpus petition and why it should not be dismissed without prejudice for the reasons stated herein.  In addition, the court finds plaintiff's motion to proceed in forma pauperis (Doc. No. 3) to be moot as plaintiff has paid a filing fee in this matter.  Also, plaintiff's motion for appointment counsel (Doc. No. 6) shall be denied without prejudice.  At this point, the court is not convinced that appointment of counsel is required by the interests of justice.

**IT IS SO ORDERED.**

Dated this 1st day of March, 2021, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge

3